# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLY THOMAS JORDAN,

    Petitioner,

v.

    Case No. CIV 10-297-RAW-KEW

HASKELL HIGGINS, Warden,

    Respondent.

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, attacks his parole revocations in Sequoyah County District Court Case Nos. CF-2005-535, CF-2005-630, and CF-2006-67.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

08/16/2007    Petitioner was sentenced after hearing on application to revoke in Case Nos. CF-2005-535, CF-2005-630, and CF-2006-67.

08/26/2007    Petitioner's Judgment and Sentence became final ten days after entry of the trial court's order, because he did not file a notice of intent to appeal.

08/19/2008    Petitioner filed an application for post-conviction relief in all three cases.

05/04/2009   The Oklahoma Court of Criminal Appeals affirmed the denial of petitioner's post-conviction application. *Jordan v. State*, No. PC-2009-159 (Okla. Crim. App. May 4, 2009).

08/05/2010   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner did not appeal the August 16, 2007, revocations, so the revocations became final on August 26, 2007, ten days after the Judgment and Sentence was entered. *See* Rules 2.1 and 2.5, *Rules of the Ct. of Crim. App.*, Okla. Stat. tit. 22, ch.18, App. He, therefore, had

2

until August 26, 2008, to file his federal habeas petition. His post-conviction proceedings, filed on August 19, 2008, and completed on May 4, 2009, tolled the limitations period for 259 days, extending his habeas corpus deadline to May 12, 2009. This petition, filed on August 5, 2010, clearly was untimely.

Petitioner asserts in his response to the respondent's motion that his attorney did not follow his instructions to file a direct appeal. He presented this argument in his application for post-conviction relief, but the Court of Criminal Appeals found he had not established that the failure to appeal was through no fault of his own. *Jordan*, No. PC-2009-159, slip op. at 1. The state court's factual findings are presumed correct, unless the applicant produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1). Here, the court finds petitioner has presented only conclusory allegations to support his claim that he attempted to pursue a direct appeal.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 29th day of July 2011.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**